SUÁREZ ET AL., DEMANDANTES Y APELADOS, *v.* ASAMBLEA
MUNICIPAL DE CAROLINA, DEMANDADA Y APELANTE.

No. 3118.—*Visto:* Enero 24, 1924. *Resuelto:* Mayo 31, 1924.

ASAMBLEAS MUNICIPALES; EXPULSIÓN DE SUS MIEMBROS—ORDENANZAS RECAR-
GANDO LA PROPIEDAD MUNICIPAL INMUEBLE—VOTACIÓN DE ORDENANZAS MU-

NICIPALES.—No teniendo facultades la asamblea municipal para expulsar a
sus miembros (*Suárez et al.* v. *Asamblea Municipal de Carolina,* No. 3119,
resuelto en mayo 31, 1924), es preciso concluir que dos ordenanzas impo-
niendo un recargo a la propiedad municipal inmueble, aprobadas en una.
sesión en que estaban presentes todos los miembros de que se compone la
asamblea, entre los cuales estaban los dos que fueron ilegalmente expulsados
y a los que no se permitió votar, son completamente nulas por no haber sido
adoptadas por los votos de las dos terceras partes de los miembros de la.
asamblea, como exige el inciso C del artículo 49 de la Ley Municipal vigente.

RESOLUCIÓN de *M. Rodríguez Serra,* J. (San Juan, Segundo Distrito),
declarando con lugar petición de *certiorari* y anulando las orde-
nanzas impugnadas. *Confirmada.*

*J. B. Soto,* abogado de la apelante; *R. Rivera Zayas,* abogado de los
apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tri-
bunal.

Este procedimiento de *certiorari* es consecuencia de otro
entre las mismas partes que hemos resuelto en el día de hoy,
que tiene el número 3119. En aquél hemos declarado que
la Asamblea Municipal de la Carolina no tuvo facultad para
expulsar de su seno, como expulsó por acuerdo de 19 de fe-
brero de 1923, a los delegados en ella Mariano Suárez y
Fernando Rodríguez.

El procedimiento establecido en este caso por esos dele-
gados se funda en que tan pronto fueron ellos expulsados
de la asamblea municipal por ese acuerdo ilegal, el mismo
día, estando presentes los nueve delegados de que se com-
pone dicha asamblea, entre ellos los peticionarios expulsa-
dos, procedió la misma a aprobar por cinco votos contra
dos, pues a los peticionarios no se les permitió votar, dos
ordenanzas recargando la contribución sobre la propiedad
inmueble del expresado municipio por lo que solicitaron del
tribunal que anulase esas ordenanzas, y habiendo sido así
decretado por la corte, la Asamblea Municipal de la Carolina
interpuso este recurso de apelación.

El artículo 49 de la Ley Municipal vigente según quedó
enmendado en el año 1921, (p. 455) dispone lo siguiente:

"Art. 49.—Los ingresos municipales consistirán:

"A. . . . .

"B. . . . .

"C. En cualquier recargo de la contribución sobre la propiedad imponible del municipio, siempre que así se acordare por las dos terceras partes de la asamblea municipal; o, cuando esto no fuere posible, bien por estar vacantes algunos de los cargos, o por falta de asistencia a las sesiones de algunos de sus miembros, o por cualquier otra circunstancia, dichas ordenanzas podrán ser votadas por mayoría de sus miembros. . . . ."

Alega la parte apelante que aunque la expulsión de estos dos delegados fuera ilegal y nula, sin embargo, hasta que tal declaración fuera hecha por un tribunal de justicia este acuerdo de su expulsión tenía que producir sus efectos, por lo que no habiendo sido anulado cuando tuvo lugar la votación de esas ordenanzas no podían considerarse a dichos delegados como presentes y con derecho a votar y por tanto podían ser aprobadas por mayoría de votos; y, además, que según la ley pueden las ordenanzas de esa naturaleza ser votadas por mayoría siempre que por la obstinada actitud de algunos de sus miembros no pueda hacerlo mediante el voto de las dos terceras partes.

Si la asamblea municipal no tenía facultad o poder para expulsar a los dos apelados, y así lo hemos declarado, su expulsión no podía producir efecto alguno aunque la nulidad del acuerdo de expulsión no hubiera sido declarado por los tribunales de justicia, porque lo que se hace sin facultad, poder o jurisdicción es como si nunca se hubiera hecho y por tanto la expulsión de los apelados no produjo sus vacantes a los efectos de que por ellas pudiera prescindirse del voto de las dos terceras partes de los miembros de la asamblea para la votación de las ordenanzas impugnadas. Sería muy expedito para las asambleas municipales el producir vacantes de sus miembros, aunque ilegales, para aprobar ordenanzas de la naturaleza de las que nos ocupan y

prescindir de este modo de la voluntad de la ley de que sean aprobadas por las dos terceras partes de sus miembros.

Con respecto al otro particular expresado por la apelante en apoyo de las ordenanzas no creemos que la oposición de algunos miembros de la asamblea, aunque sea obstinada, para la aprobación de determinadas ordenanzas sea circunstancia que justifique que se vote por mayoría y no por las dos terceras partes, obstinación que en manera alguna resulta de los autos. Si tal teoría fuera sostenida quedaría anulada la voluntad de la Legislatura porque bastaría la discrepancia de opiniones respecto a la aprobación de la ordenanza, cosa que ocurre todos los días en todas partes, para que se prescindiera de los votos de las dos terceras partes. Las palabras de la ley "cualquier otra circunstancia" deben significar algo distinto de la discrepancia de opiniones que impida la aprobación.

*La resolución apelada debe ser confirmada.*

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.